J-S41042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY ALLEN MADER, | |
| Appellant | No. 1057 MDA 2014 |

Appeal from the Judgment of Sentence May 22, 2014
in the Court of Common Pleas of Perry County
Criminal Division at No.: CP-50-CR-0000400-2013

BEFORE: ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 12, 2015**

Appellant, Gregory Allen Mader, appeals from the judgment of sentence entered after his jury conviction of one count of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1), and one count of simple assault, 18 Pa.C.S.A. § 2701(a)(1). Appellant challenges the sufficiency of the evidence and the effectiveness of counsel. We affirm the judgment of sentence and defer the ineffectiveness claim until collateral review.

We derive the following recitation of facts from the trial court's opinion and our independent review of the March 24, 2014 trial transcript:

The charges arise from a single incident, which occurred on March 25, 2013. Starting in February of 2013, co-defendant, Tricia Kreiser, began a

_____

[*] Retired Senior Judge assigned to the Superior Court.

relationship with the victim, Robert Mourey. During the day of March 25, 2013, the two engaged in childish arguing and name-calling via text messages. (*See* N.T. Trial, 3/24/14, at 16). At some point, Tricia's husband, Gerald Kreiser, got involved in this argument. (*See id.* at 17). Tricia Kreiser asked Appellant to accompany her to Mourey's home to collect some clothing. (*See id.* at 277). Appellant accompanied Tricia and Gerald Kreiser to the residence. (*See id.* at 143).

After they arrived, the three entered the garage. (*See id.*). Tricia then knocked on the inner door and told Mourey, in colorful language, to answer. (*See id.* 94). When Mourey did not answer, Tricia walked across the garage to head toward the patio. (*See id.* at 230). Appellant followed. (*See id.* at 352). Shortly after, Mourey answered the door with a knife in his right hand. (*See id.* at 320). On opening the door, Gerald Kreiser pushed Mourey back against a wall and knocked the knife from his hands. (*See id.* at 45-46). Appellant and Tricia then entered the residence. (*See id.* at 46). At trial, Gerald Kreiser testified that after he disarmed Mourey, the two began "wrestling" and "scuffling." (*Id.* at 323). The fight continued back and forth between several rooms of the house. (*See id.* at 325).

During the fight, Gerald threw Mourey through a glass table. (*See id.* at 234). After that, he thrust Mourey's head through a wall. (*See id.* at 50). Mourey testified that during the melee, Appellant broke a wooden chair over his head. (*See id.* at 48). Mourey testified that Appellant and Gerald

Kreiser hit him twenty to thirty times. (*See id.* at 51). Appellant testified that he "really may have" broken the chair over Mourey's back. (*Id.* at 355). Appellant also testified that he "kicked [Mourey] as hard as [he] could." (*Id.* at 354). After the fight, Mourey went upstairs to clean up. (*See id.* at 52). After he cleaned up, Tricia Kreiser took him to the Holy Spirit Hospital. (*See id.* at 53). At the hospital, medical examination revealed that Mourey suffered from a broken nose, broken orbital bone, lacerations on his hand, leg, and head, and acute renal failure. (*See id.* at 54, 68).

The next morning, March 26, 2013, Pennsylvania State Police Trooper Kenneth Rouse III, at the request of his supervisor, began investigating the case. (*See id.* at 128-30). Trooper Rouse visited Mourey's residence to take pictures and evidence. (*See id.* at 132). Trooper Rouse interviewed Mourey, Tricia and Gerald Kreiser, and Appellant. (*See id.* at 132-33, 142, 145). Because of this investigation, Trooper Rouse filed charges against Tricia and Gerald Kreiser, and Appellant. (*See id.* at 149). Trooper Rouse identified Mourey as the victim after examining his extensive injuries, observing no injuries on Appellant, minor hand injuries on Gerald, and based on evidence that Mourey was at home when the assault occurred. (*See id.* at 202).

The Commonwealth tried Appellant and the two co-defendants together on March 24, 2014. (*See id.* at 1). Mourey testified that, before

the incident, he had only minor shoulder problems and wrist problems. (*See id.* at 102-03). However, Mourey still lifted weights with the pre-existing injuries. (*See id.* at 103). Mourey further agreed with counsel on cross-examination that before the assault he was "pretty much in shape." (*Id.* at 104). Mourey underwent multiple surgeries because of the injuries he sustained during the assault. (*See id.* at 83). Additionally, he remained hospitalized for seven days. (*See id.* at 68-69). Mourey also testified that he still has double vision because of the incident. (*See id.* at 84).

On March 25, 2014, a jury convicted Appellant of one count of aggravated assault and one count of simple assault. On May 22, 2014, the court sentenced Appellant to a term of not less than forty-eight months' nor more than ninety-six months' incarceration, plus fees and costs and restitution of $9,224.71. Appellant timely appealed.[1]

Appellant raises four questions for our review:

> [I.]   Whether or not the evidence introduced at trial was sufficient to prove beyond a reasonable doubt Appellant had committed the acts of aggravated assault and simple assault when the victim had answered the door with a knife and Appellant feared for his safety?
>
> [II.] Was the evidence introduced at trial sufficient to prove beyond a reasonable doubt that Appellant was guilty

---

[1] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on July 23, 2014. *See* Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on November 26, 2014. *See* Pa.R.A.P. 1925(a).

of aggravated assault when victim had testified that he suffered from a number of pre-existing ailments that were now argued caused by Appellant's actions on that evening?

[III.] Was the evidence introduced at trial sufficient to prove beyond a reasonable doubt that the victim suffered from serious bodily injury as defined in the aggravated assault statute?

[IV.] Was trial counsel [ineffective] for representing the co-defendant in this trial?

(Appellant's Brief, at 7) (unnecessary capitalization omitted).

Our standard of review for a claim of insufficiency of the evidence is well settled:

A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witness and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Teems*, 74 A.3d 142, 144-45 (Pa. Super. 2013), *appeal denied*, 79 A.3d 1098 (Pa. 2013) (citation omitted).

Preliminarily, we address Appellant's failure to include citations to pertinent legal authorities in his argument. Except for the boilerplate argument and case law cited for general principles of the sufficiency of the evidence, Appellant presents no pertinent case law and only offers repeated

- 5 -

facts from the trial transcript. (**See** Appellant's Brief, at 10-13). Appellant fails to establish pertinent case law or to compare the facts of this case to it. (**See id.**). An appellant's failure to support an argument with pertinent legal authority in the brief results in waiver. **See** Pa.R.A.P. 2119(a) and (b) (providing that appellant must include citations of authorities as deemed pertinent, must set forth principles for which they are cited); **see also Commonwealth v. Thompson**, 939 A.2d 371, 376 (Pa. Super. 2007), *appeal denied,* 956 A.2d 434 (Pa. 2008). Accordingly, all of Appellant's arguments are waived.

Moreover, Appellant's claims would not merit relief. In his first question, Appellant challenges the sufficiency of the evidence to support his conviction under 18 Pa.C.S.A. § 2702(a)(1), aggravated assault, and 18 Pa.C.S.A. § 2701(a)(1), simple assault. (**See** Appellant's Brief, at 7). Specifically, he alleges that the jury did not properly consider a self-defense claim when the victim opened the door with a knife and "Appellant feared for his safety." (**Id.**) (most capitalization omitted). We disagree.

We first address Appellant's challenge to the sufficiency of the evidence for his conviction of simple assault. Appellant did not raise the issue of simple assault in his concise statement of errors complained of on appeal filed on July 23, 2014. (**See** Rule 1925(b) Statement, 7/23/14, at unnumbered pages 1-2). Therefore, Appellant has waived this issue. **See** Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included or properly

raised in the concise statement are waived). Appellant's challenge to the sufficiency of the evidence for simple assault is waived.

Next, we review the claim of insufficient evidence for his conviction of aggravated assault. In the instant case, the jury convicted Appellant after the Commonwealth presented evidence that he had repeatedly kicked Mourey and broke a chair over his head, which caused lacerations, broken bones, and renal failure. (*See* N.T. Trial, 3/24/14, at 54, 68, 354-55). The Crimes Code defines the offense of aggravated assault as follows:

> (a) **Offense defined.** —A person is guilty of aggravated assault if he:
>
> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S.A. § 2702(a)(1).

Here, the evidence shows that Appellant knowingly caused serious bodily injury to Mourey when he kicked him "as hard as [he] could" and struck him over the head with a chair. (N.T. Trial, 3/24/14, at 354 ; *see id.* at 355). The trial court properly dismissed Appellant's self-defense claim. The trial court explained its dismissal of the self-defense argument as follows:

> . . . Despite Appellant's testimony that he was simply attempting to disarm the victim, he still continued to punch, kick[,] and otherwise injure the victim for several minutes when

- 7 -

> evidence indicated the only weapon available to the victim was dropped at the first encounter. . . .

(Trial Court Opinion, 11/26/14, at unnumbered page 3).

Under our standard of review for sufficiency, the Commonwealth, as verdict winner, receives the benefit of all reasonable inferences. *See Teems, supra,* at 144-45. After considering the testimony of the witnesses, including Appellant, the jury reasonably inferred that Appellant was not acting in self-defense when he committed the aggravated assault. The evidence was sufficient to support the jury conviction of aggravated assault. Appellant's first claim is without merit.

Appellant's second and third questions both claim insufficiency of the evidence in relation to the injuries sustained by Mourey. (*See* Appellant's Brief, at 7). We address these issues together. Appellant specifically claims that Mourey did not receive "serious bodily injury" and that some of the injuries were preexisting. (*See id.* at 12). We disagree.

As addressed previously, our standard of review for a sufficiency claim is well settled. *See Teems, supra* at 144-45. Therefore, we view the evidence in the light most favorable to the Commonwealth as verdict winner.

To prove aggravated assault, the Commonwealth must present evidence to prove serious bodily injury occurred. 18 Pa.C.S.A. § 2702(a)(1). The Crimes Code defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent

disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

In the instant case, Mourey suffered from broken bones, lacerations to the head, and acute renal failure that threatened his life. (*See* N.T. Trial, 3/24/14, at 54, 68). Additionally, Mourey testified that he continued to experience double vision. (*See id.* at 84). Applying these facts presented at trial, the jury found that the injuries sustained met the requirements under 18 Pa.C.S.A. § 2301. (*See* Trial Ct. Op., at unnumbered pages 3-4).

Appellant's argument that Mourey suffered these injuries as pre-existing conditions is also without support from the record. The record presents evidence which shows Mourey was "in shape" before the assault. (*See* N.T. Trial, 3/24/14, at 104). Mourey only suffered from minor injuries to his shoulder and wrist before the assault. (*See id.* at 102-03). Mourey did not have double vision prior to March 25, 2013. (*See id.* at 84).

The jury, as fact-finder, made a reasonable inference that the injuries Mourey sustained from Appellant and Gerald Kreiser created a substantial risk of death or protracted impairment. Taking all inferences in the light most favorable to the Commonwealth as verdict winner, we conclude that the Commonwealth presented sufficient evidence to prove every element of aggravated assault beyond a reasonable doubt. Appellant's second and third claims are without merit.

Appellant's fourth question claims that trial counsel was ineffective. (**See** Appellant's Brief, at 7). Specifically, Appellant argues that counsel lacked a reasonable basis for his actions and inactions respecting co-defendant at trial. (**See id.** at 13). However, appellants generally cannot raise a claim of ineffective assistance of counsel on direct appeal. **See Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002), *reargument denied, clarified* 821 A.2d 1246 (Pa. 2003) ("We now hold that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review."). Appellant may only raise the issue of ineffective assistance of counsel on collateral review. **See id.** Therefore, we dismiss Appellant's fourth claim without prejudice to his ability to raise the issue on collateral review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2015

- 10 -